JOHN F. WHENTING v. JOHN TORRENT.

*Contract—Submission to jury.*

*Held*, that the controversy in this case resolved itself into a question of veracity and the weight the jury should give to the conflicting testimony, and that the questions of fact were submitted to the jury, who were correctly instructed as to the law.

Error to Muskegon. (Dickerman, J.) Argued April 11, 1889. Decided June 21; 1889.

Assumpsit. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Smith, Nims, Hoyt & Erwin,* for appellant.
*DeLong & O'Hara,* for plaintiff.

CHAMPLIN, J. The plaintiff is a mason and contractor engaged in the business of building.

In the fall of 1837 the defendant contemplated the erection of a building at the corner of Clay avenue and Second street, in the city of Muskegon, and had plans and specifications prepared. He had received several bids for doing the work, and among others one from the plaintiff, which was in writing, as follows:

"MUSKEGON, MICHIGAN, October 4, 1887.
"MR. JOHN TORRENT,—
"*Sir:* I, the undersigned, am willing to do the work of the club building, without furnishing any materials, for the sum of $5.25 per cord for laying the stone, and, with the mortar, $6.50.
"Yours, etc.,
"JOHN F. WHENTING."

The proposition for laying the stone at $5.25 per cord was accepted by defendant.

It was claimed on the part of the plaintiff that he was told by defendant when he made the bid there would be from 10 to 12 inches of sand to be removed in order to lay the foundation, and that he told defendant if there was no more than that he would take it out and charge nothing; that afterwards there was a change in the plan, by which the foundation was lowered or sunk a foot deeper than originally intended; that he said to defendant that he would have to take the dirt out, and he hired one John Salter, who drew out some three hundred yards, and then stopped hauling, and when he did so the plaintiff commenced work, and laid what wall he could without removing any sand.

That one Wood was there superintending the job for defendant, and that defendant told plaintiff to do as Wood said; that he notified Wood that the sand must be removed, and Wood replied,—

"Well, if it is too much in the way, hire two or three men and charge it up to Mr. Torrent."

That plaintiff then hired men, and set them at work shoveling and moving the sand; that they were employed 67½ days, at $2, which he charged to defendant. There was also extra work in laying area walls and abutments.

Defendant denied the conversation about the removal of the sand, and claimed it was a well-known custom that, when a job was let to lay up walls for a building, the contractor must take the excavation as he finds it and put the wall in.

He denied that Wood had any authority to bind him by anything he might have said to plaintiff about removing the sand, and claimed that he was merely employed to see that the work was done according to contract. He denied that there had been any change with reference to putting the foundation deeper. He denied telling plaintiff to obey Wood's instructions.

It seems to me that the whole controversy resolved itself

into a question of veracity and the weight the jury should give to the conflicting testimony.

The exceptions are based upon the refusal of the court to charge as requested by counsel for defendant, and to the charge as given. We have examined the errors assigned with care, and we do not perceive that any error was committed by the court in relation thereto. He submitted the questions of fact to the jury, and instructed them correctly as to the law.

The judgment must be affirmed.

SHERWOOD, C. J., MORSE and CAMPBELL, JJ., concurred. LONG, J., did not sit.